IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEPHEN PURTLE                                                                    PLAINTIFF

v.                              CIVIL NO. 5:26-cv-05012-TLB-MEF

FRANK BISIGNANO, Commissioner
Social Security Administration                                                   DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Stephen Purtle ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking

judicial review of a decision of the Commissioner of the Social Security Administration (the

"Commissioner") denying his application for disability benefits. (ECF No. 2). This matter is

presently before the undersigned for report and recommendation.

In lieu of an answer, the Commissioner filed the Social Security Transcript on March 13,

2026, asserting that the findings of the Commissioner were supported by substantial evidence and

were conclusive. (ECF No. 7). *See* FED. R. CIV. P. SUPP SS RULE 4. On May 12, 2026, having

changed positions, the Commissioner filed an unopposed motion requesting that Plaintiff's case

be remanded pursuant to "sentence four" of section 405(g) to conduct further administrative

proceedings. (ECF No. 10).

The exclusive methods by which a district court may remand a social security case to the

Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand

pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand

before answering the complaint, or where the court orders the Commissioner to consider new,

material evidence that was for good cause not presented before the agency. The Fourth sentence

of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript

of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of

Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). The Supreme Court has held that a remand for further administrative proceedings, such as the remand requested here, is a sentence four remand within the meaning of 42 U.S.C. § 405(g). *See Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

Accordingly, the undersigned recommends that Defendant's Unopposed Motion to Remand be granted, and the case remanded to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of May 2026.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

2